per curiam:
This Wunderlich Act case involving a contract between plaintiff and the Department of the Navy for the provision of food services is before the court on the parties’ cross-motions for summary judgment. Upon consideration of the parties’ submissions, it is apparent that this case would benefit from a detailed consideration of the parties’ contentions in the trial division. The issues are not complex and there appears to us to be no need for further submissions by the parties, but the record is lengthy and the questions raised are largely factual. We therefore remand these dispositive motions to the trial division under Rules 54 and 166.
*812 However, the nature and extent of the issues raised by this appeal are not entirely clear. Indeed, defendant has moved to dismiss the petition in its entirety for failure to comply with Rule 163(b)(3)(iii), which requires that the party seeking to overturn a board decision specify the parts of the transcript upon which that party relies. As these threshold issues can be resolved conclusively at this time, it is preferable that we do so.
While defendant’s suggestion of a violation of Rule 163(b)(3)(iii) was accurate at the time its motion was filed, plaintiff filed a subsequent memorandum which for the most part corrected the problem. The purpose of the rule thus being satisfied, justice demands that we not dismiss the petition in this particular situation.
Rule 163(b)(2), (3) also requires a certain amount of specificity as to questions of law. Upon examination of plaintiffs submissions, it is our conclusion that the 14 points listed by plaintiff on page 4 of its motion filed March 18, 1981, are and may be challenged solely on the question of lack of substantial evidence for the decision of the Armed Services Board of Contract Appeals (board). The only question of law raised by plaintiff is the board’s refusal to admit the testimony of a Mr. Ryan from a prior, related case.
it is therefore ordered, without hearing oral argument, that this case is remanded to the trial division under Rules 166 and 54 to consider whether the board’s decision on the 14 enumerated points was supported by substantial evidence and whether the board erred in not admitting the testimony of Mr. Ryan.